# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CALVIN SCHMIDERER**                                                                  **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 1:09cv321-HSO-JMR**

**STATE OF MISSISSIPPI, et al**                                                        **RESPONDENTS**

## REPORT & RECOMMENDATION

This matter is before the Court pursuant to a Motion [10-1] to Dismiss as Moot filed on behalf of Respondents. To date, Petitioner has failed to file a Response in Opposition to the motion. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, recommends that the Respondents' Motion [10-1] to Dismiss as Moot be granted and Petitioner's petition be dismissed.

## FACTS

Petitioner, Calvin Schmiderer, was arrested by the Pearl River County, Mississippi Sheriff's Department on a charge of burglary on October 25, 1998. Petitioner subsequently bonded out of jail on October 28, 1998 and returned to his home state of Louisiana. Shortly thereafter, in December of 1998, Petitioner was arrested by Louisiana authorities on an unrelated armed robbery charge, and was subsequently convicted and sentenced to fifteen (15) years imprisonment in Louisiana.

Petitioner alleges that no action took place on his 1998 burglary charge in Mississippi until the Pearl River County Sheriff's Department placed a detainer on him on June 15, 2004, while he was incarcerated in Louisiana. Petitioner filed the instant *habeas* petition alleging a violation of his Sixth Amendment right to a speedy trial, and seeks to have the Pearl River County charges dismissed

and the detainer removed. Petitioner filed the present *habeas* petition in United States District Court for the Eastern District of Louisiana on March 18, 2009. The Louisiana District Court transferred Petitioner's petition to this Court, *sua sponte*, on May 27, 2009. (*See* Order [4-1].) Respondents filed the present motion to dismiss as moot on July 27, 2009. (*See* Mot. [10-1] Dismiss.)

## **ANALYSIS**

Respondents urge this Court to dismiss the instant petition as Petitioner was afforded the relief which he requested, i.e., the 1998 Pearl River County charges dismissed, and the detainer removed. According to the Order of *Nolle Prosse* by the Circuit Court of Pearl River County, Petitioner's 1998 charges in Pearl River County, Mississippi were dismissed on July 24, 2009. (*See* Ex. "A" Attach. Resp't Mot. [10-2] Dismiss.) Also, Respondents have submitted a letter from the Pearl River County Sheriff's Department to the Rayburn Correctional Facility in Angie, Louisiana, where Petitioner is currently incarcerated, requesting that the detainer placed on Petitioner be removed. (*See* Ex. "B" Attach. Resp't Mot. [10-2] Dismiss.)

This Court finds that Petitioner has been provided with the relief he seeks as his 1998 Pearl River County charges have been dismissed and the detainer lodged against him by the Pearl River Count Sheriff's Department has been removed. Thus, there is no case-or-controversey present, as required under Article III, Section 2, of the Constitution.[1] Article III of the United States Constitution vests the federal courts with the judicial power to hear cases and controversies. U.S. Const. art. III, § 2. The Supreme Court has held that the case-or-controversy requirement of Article III, "limits the business of federal courts to 'questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process.'" *United States Parole*

---

[1] The Court is not aware of any collateral consequences which Petitioner will suffer sufficient to defeat mootness of this action. Collateral consequences will not be presumed. *Spencer v. Kemna*, 523 U.S. 1, 13, 118 S. Ct. 978, 986, 140 L. Ed. 2d 43 (1998).

*Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980) (quoting *Flast v. Cohen*, 392 U.S. 83, 95, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968)). The doctrine of mootness ensures that federal courts are presented with issues that they have the ability to resolve. *Id.* at 396-97. A case becomes moot "'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969)).

## **CONCLUSION**

Because the Pearl River County charges against Petitioner have been dismissed and the detainer by the Pearl River County Sheriff's Department has been removed, Petitioner has obtained all the relief to which he is entitled. Therefore, consideration of Petitioner's *habeas* petition is moot. *See Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (release moots *habeas* petition challenging legality of extended detention). Accordingly, this Court recommends that Respondents' Motion [10-1] to Dismiss as Moot be granted and Petitioner's Petition for Writ of Habeas Corpus be dismissed as moot.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   11th   day of January, 2010.

                                                         s/ John M. Roper
                                     CHIEF UNITED STATES MAGISTRATE JUDGE